IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT KATZ and IRIS KATZ, | : | |
|     Plaintiffs, | : | CIVIL ACTION |
| | : | |
|     v. | : | |
| | : | |
| NAZARETH HOSPITAL and MERCY HEALTH SYSTEM, | : | No. 11-2335 |
| | : | |
|     Defendants. | : | |

ORDER

AND NOW, this 23rd day of January, 2012, upon consideration of Plaintiffs' Motion to Quash Subpoena and for Protective Order (Doc. No. 45) and Defendant's Opposition Thereto (Doc. No. 46), it is hereby ORDERED that Plaintiffs' motion is GRANTED IN PART and DENIED IN PART.  Plaintiffs' motion to quash subpoena to Fidelity Investments for ten years of financial communications is GRANTED.  Plaintiffs' motion for a protective order is GRANTED.  Plaintiffs' request for sanctions or reprimand, pursuant to 28 U.S.C. § 1927, is DENIED.

Under Federal Rule of Civil Procedure 34, "a nonparty may be compelled to produce documents and tangible things or to permit an inspection" during discovery, as provided in Rule 45.  Fed. R. Civ. P. 34.  Under Rule 45, an issuing court must quash a subpoena that "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden."  Fed. R. Civ. P. 45.  Generally, "a party does not have standing to quash a subpoena served on a third party." Kida v. EcoWater Systems, LLC, No. 10-4319, 2011 WL 1883194, at *2 (E.D. Pa. May 17, 2011).  However, "an exception to this rule permits a party to move to quash when it claims some personal right or privilege in respect of the subject matter of a subpoena duces tecum

directed to a nonparty." Id.  (internal quotation marks omitted).

Thus, the question arises as to whether a party's privacy interest in communications with his financial advisors suffices to create standing to quash a subpoena.  Several cases attest to the fact that personal rights that are at stake in subpoenaing a third-party bank for banking records. See Bd. Of Tr. of Trucking Employees of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc., No. 09-6447, 2011 WL 2670948, at *2 (D. N.J. June 30, 2011) ("while a subpoenaed third party undoubtedly retains the right to file a motion to quash the subpoena, a party whose banking records are subpoenaed through a third-party financial institution also has standing to challenge the subpoena."); Schmulovich v. 1161 Rt. 9, LLC, No. 07-597, 2008 WL 4572537, at *4 (D. N.J. Oct. 14, 2008)("Personal rights claimed with respect to bank account records give a party sufficient standing to challenge third-party subpoenas served upon financial institutions holding such information."). See also Arias-Zeballos v. Tan, No. 06-1268, 2007 WL 210112, at *1 (S.D.N.Y. Jan. 25, 2007).   This Court too holds that Plaintiffs' interest in his own financial records is sufficient to confer standing to challenge the subpoena in the instant case.

Addressing the merits of the claim, Rule 45 allows a party to move to quash or modify a subpoena if the discovery requested subjects a person to an undue burden.  See Fed. R. Civ. P. 45.  An undue burden exists when the subpoena is "unreasonable or oppressive."  Schmulovich, 2008 WL 4572537, at *4.  Courts have used several factors in determining a subpoena's reasonableness, such as: (1) the party's need for the production, (2) the nature and importance of the litigation, (3) the relevance of the material, (4) the breadth of the request for production, (5) the time period covered by the request, (6) the particularity with which the documents are described, and (7) the burden imposed on the subpoenaed party.  See In re Lazaridis, No. 10-29,

2011 WL 3859919, at *2 (Sept. 1, 2011).

The need for production and its relevance are limited in the instant case. Defendant seeks to subpoena communications between Plaintiff and Fidelity Investments for a ten-year period in order to discover information as to "whether Mr. Katz was able to communicate on complicated subjects like finance or retirement planning without a sign language interpreter." (Doc. No. 46 at 3). Alternatively, the issue in this case, as noted by defense counsel in the instant motion, is whether it was necessary for a sign language interpreter to be provided to Plaintiffs in the hospital during the time of their medical emergencies and hospital visits, in order for them to effectively communicate with hospital personnel. (Doc. No. 46 at 2). Communications between Plaintiff Robert Katz and Fidelity Investments on his financial transactions have almost nothing to do with the issue at play in the case, except for the bare fact that they involve communication between Katz and a non-deaf person. In addition, the breadth of the request and the time period covered by the request is for ten years, imposing a great burden on those from whom production is sought. As a result, the Court finds that the subpoena should be quashed.[1]

---

[1] Given that Plaintiffs, and not Fidelity Investments, raise the issue of burdensomeness, the Court takes the time to address the limits of discovery under Rule 26 as well, as many courts have addressed party challenges to non-party subpoenas under the strictures of Rule 26, instead of Rule 45. See, e.g., Schmulovich v. 1161 Rt. 9 LLC, No. 07-597, 2008 WL 4572537 (D.N.J. Oct. 14, 2008). The outcome of both inquiries is substantially the same. The scope of discovery under Rule 45 is meant to be the same as that applicable to Rule 34 and other discovery rules. See Fed. R. Civ. P. 45 advisory committee's notes (1970 Amendment). The scope of discovery under the federal rules is explicitly delineated in Rule 26(b), which provides, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." Fed. R. Civ. P. 26(b)(1). Under Federal Rule of Civil Procedure 26(b)(2)(C), the court must limit the frequency or extent of discovery otherwise allowed if the court determines that, "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

In addition, the Court must grant Plaintiffs' second request.  Under Federal Rule of Civil Procedure 26(c), the court may, "for good cause shown" issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  A court should consider the following factors in determining whether to grant a protective order:

> 1) whether the disclosure will violate any privacy interests;
>
> 2) whether the information is being sought for a legitimate purpose or for an improper purpose;
>
> 3) whether disclosure of the information will cause a party embarrassment;
>
> 4) whether confidentiality is being sought over information important to public health and safety;
>
> 5) whether the sharing of information among litigants will promote fairness and efficiency;
>
> 6) whether a party benefitting from the order of confidentiality is a public entity or official; and
>
> 7 ) whether the case involves an issue important to the public

Shingara v. Skiles, 420 F.3d 301, 306 (3d Cir. 2005).  Given the private nature of the documents sought to be discovered, which contain sensitive financial information, it is clear to the Court that annoyance and embarrassment are at issue.  At the same time, the information sought, while not

---

In the instant case, the burden outweighs the benefit of the documents.  As noted above, the documents are of little relevance to the instant matter.  While the communications do retain some small fraction of relevance in illustrating Plaintiff Katz's ability to communicate, the burden of the discovery, which requires Fidelity to produce ten years worth of communications, and the meager importance of this piece of discovery in resolving the issues counsels against granting discovery of private financial matters not germane to the present litigation.  As a consequence, the benefit of the discovery is small when balanced against the burden.

for an illegitimate purpose, seems only slightly relevant to the purpose for which it is sought. In addition, the sharing of the information does not seem likely to yield a great benefit to the efficiency or administration of the case, and comes at the cost of releasing sensitive financial documents to Defendants. As a result, the motion for a protective order is granted.

Plaintiffs' motion for sanctions or reprimand pursuant to 28 U.S.C. § 1927 is denied. Defendant's request for attorney's fees and costs is denied.

For the foregoing reasons, Plaintiffs' Motion to Quash Subpoena to Fidelity Investments and for a Protective Order (Doc. No. 45) is GRANTED IN PART and DENIED IN PART. Plaintiffs' motion to quash subpoena to Fidelity Investments for ten years of financial communications is GRANTED. Plaintiffs' motion for a protective order is GRANTED. Plaintiffs' request for sanctions or reprimand is DENIED. Defendant's request for attorney's fees and costs is DENIED.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.